May I please the court? My name is Gosha Hicks and I represent the petitioner, Mr. Mike Luong. I'd like to reserve three minutes for rebuttal. Mr. Luong is seeking to avoid removal from the United States by readjusting his immigration status to that of a legal permanent resident. In order to accomplish this, Mr. Luong needs two things. First, he needs the Department of Homeland Security to fully process and approve the I-130 spousal visa that his wife Patricia Luong filed eight years ago. In addition to that, however, Mr. Luong needs to obtain Section 212 waivers in order to address two criminal charges that he pleaded guilty to in the time that he's been in the United States. I'd like to put the visa issue to one side for the time being and address the Section 212 waiver issue because that's really the most challenging part of Mr. Luong's case today. And it's also where this court's guidance is most needed. Mr. Luong is applying for both a 212C and a 212H waiver. Both of these are discretionary waivers. The 212C waiver Mr. Luong seeks to use to address a crime that he pleaded guilty to in 1986 when he was 19 years old. And the 212H waiver he seeks to use to address a crime that he pleaded guilty to 10 years ago. Is the second crime, the 1998 one, the IA stated that it was a removable offense but didn't explain why that was the case. Could you explain that to us? I'm not clear myself, Your Honor, why that's a removable offense. That crime did not constitute the basis of the government's notice to appear to Mr. Luong. The basis for the notice to appear was the 1986 crime. And through the course of the proceedings, the proceedings have been going on now for almost 10 years. But at some point in the hearings that conviction, the second conviction, came into the discussion. And the immigration judge did discuss whether that crime was also properly before it in determining Mr. Luong's removal. In any event, Mr. Luong still needs a waiver to address that crime because in order to adjust his status, he cannot have a criminal conviction. So on one hand, yes, the government did not properly use that crime as a basis to remove Mr. Luong. But in the end, as a practical matter, Mr. Luong will still need a waiver in order to address the impact of that crime on his ability to remain here lawfully. I want to start just back up a second and talk about the 212C waiver. There really hasn't been any dispute that Mr. Luong is eligible for that waiver. The Board of Immigration Appeals correctly held that he was statutorily eligible. And the government conceded in its October 2004 brief before the immigration judge that Mr. Luong was statutorily eligible for a 212C waiver for the 1986 crime. So that, at least, is somewhat clear. But Mr. Luong also needs a 212H waiver in order to address the crime that he pleaded guilty to in 1998. And that's where things get a little bit complicated. So what's the difference between the 212C and the 212H? They're both discretionary waivers. The 212C waiver was a type of discretionary relief that immigrants could rely on before a riot was enacted. And it was a waiver that was typically, it was a hardship waiver, basically, that was pretty typically granted to immigrants in Mr. Luong's position in order to encourage them to enter into plea agreements with the assurance that those plea agreements would not have immigration consequences later. In 1986, excuse me, 1996, when Congress enacted ERIRA, it repealed 212C and replaced it with cancellation of removal, which is a more stringent type of discretionary relief. But in 2001, in the United States, excuse me, in INS v. St. Cyr, the United States Supreme Court restored the availability of 212C relief to immigrants like Mr. Luong, who had pleaded guilty to their crimes before Congress enacted ERIRA, because to not do so would exact an impermissible retroactive effect on people like Mr. Luong. So 212C relief is an older type of waiver, and the door is closed as far as people now trying to seek that relief for older crimes. In contrast, 212H relief is also a discretionary, essentially hardship waiver, but it doesn't have the history of the 212C waiver. And as the government points out in its brief, in Section 348 of ERIRA, Congress has stated that that waiver, the 212H waiver, is not available to an individual who has committed an aggravated felony. And according to the government, that's the end of the analysis. But ‑‑ You haven't committed a felony ever. Yes, Your Honor. But it's not quite that simple. There is no law in the Ninth Circuit that has evaluated that language in the context of an individual like Mr. Luong, who is also eligible for a 212C waiver. The cases that the government relies on, there's two groups of cases. One group is a group of older cases from before the inaction of ERIRA, where the Board of Immigration Appeals has spoken on the effect of 212C in terms of whether the crimes that it waives still count for other purposes. The government also relies on cases involving cancellation of removal. But those cases are also distinguishable from cases from the present case in which Mr. Luong is seeking a 212H waiver, because the cancellation of removal provision not only includes the language that an individual may not receive the waiver if he has been convicted of an aggravated felony, but it also precludes relief specifically for individuals who have already obtained 212C relief. 212H does not contain that prohibition. The 212H issue, your client told the BIA that because the form I-601 had not been submitted into the record, Luong didn't contest the IJ's finding regarding 212H relief, so seemingly not raising it to the BIA and therefore not exhausted. How could we reach that? The issue was raised to the BIA in the sentence that precedes the one that your Honor mentions. Mr. Luong specifically states that he is arguing that the simultaneous application of 212C and H relief in the same proceeding will get him to the relief that he needs. In addition, your Honor, this issue — that he doesn't contest the IJ's finding regarding section 212H relief. How should we interpret that? I'm concerned because the BIA then didn't address 212H relief, I guess, in light of that statement. Yes, your Honor. It's obviously contradictory to what Mr. Luong argued in the previous sentence, and unfortunately, although Mr. Luong raised the argument of 212C and 212H relief, it was not artfully argued in the brief. But in any case that involves waiver of a right or an argument, courts require that there be a knowing and unequivocal relinquishment of that right. And whatever can be said about that document, it's not unequivocal. And Mr. Luong did, however briefly, raise the argument. And it was an argument that pervaded the hearings prior to that briefing. So although the government contends that he's raising it in the first instance here, that's simply not true. Is the BIA actually — I thought — and this is one of the most confusing records I've ever read. Yes, your Honor. And I'm still not sure that I understand it. But the — I'm wondering if the BIA ever had a chance to address the issue you're raising here. In other words, is there anything in the record that suggests that the BIA has ever concluded that you can't use your Section 212C waiver to make yourself eligible for a 212H waiver? I mean, that's where you're trying to get. But has this even been decided by the administrative agency? No, your Honor. And I have sort of two responses to that. One is that to the extent that it wasn't decided, it was ignored because it was raised in Mr. Luong's brief and it did constitute part of the proceedings below. The government explicitly briefed this issue in October of 2004. So it was in the record throughout these somewhat convoluted proceedings. So to the extent — and to the extent that the Board of Immigration and Appeals ignored the argument or failed to address it or addressed it wrongly, this Court should remand back to the Board of Immigration and Appeals to explicitly consider this argument. But the question of how the two statutes interact, how the two subsections interact, is a question of law that is probably before this Court to decide. Then why couldn't Congress, when it enacted ARERA, say, if you've had an aggravated felony any time in your life, regardless of what you might have been able to do before, you can't get a section of 212H waiver? I mean, why isn't that the end of the inquiry? It's not the end of the inquiry because that language was established before the Supreme Court decided INS v. St. Cyr and gave people in Mr. Luong's position a certain amount of protection in the form of 212C. Well, to go back and get a waiver of the effects of the aggravated felony under 212C. Yes, Your Honor. But I think that's a slightly different question. In other words, there may be a lot of disabilities that affect one's immigration status from such an aggravated felony. It's not quite self-evident to me, at least, that you get rid of any disability under 212H by getting rid of the 212C aggravated felony. See what I mean? I mean, the St. Cyr case comes up all the time in the District Court. Yes, Your Honor. And so it's clear that you can't retroactively make that earlier conviction worse than it was. I mean, that's essentially what that case says. Yes. But why can't Congress going forward say we're just not going to let any aggravated felons have a cancellation of removal, period? Well, for cancellation of removal, that certainly is the case. That is what Congress has done. Or the type of relief your client is seeking here. Two responses, Your Honor. First, perhaps it could, but it hasn't. It hasn't foreclosed relief to people who have received 212C waivers. And that distinction is important because in cancellation of removal, Congress went further to exclude people who had received 212C waivers. And it could have just excluded all people with aggravated felonies if the idea was that a 212C waiver accomplished nothing, because all of the people who received 212C waivers would also be aggravated felons. So for adjustment of status, it's not responsive. The Congress didn't say anything about what happens if you get a 212C waiver and you're asking for adjustment of status. Exactly, Your Honor. And it's open for this Court to hold as a matter of law that Mr. Luong is eligible for both types of relief, and that by using them together in the same proceeding in particular in his circumstances, it will get him to the relief that he needs. And the BIA never considered either the legal issue or whether the facts made Mr. Luong an appropriate candidate for that. No, Your Honor, not at all. If there's no further questions, I'd like to reserve my remaining time for rebuttal. Sure. Thank you. May it please the Court. My name is Lance Jolly. I represent the Respondent, the Attorney General of the United States. Petitioners seeking to remove all grounds of removal through the simultaneous applications for waiver under the former Section 212C and 212H provisions. However, there is a significant problem with this approach. He's not eligible for former 212C nor eligible for 212H. With respect to the 212C relief, his 1986 conviction, as there is no comparable ground of inadmissibility with respect to assault with a firearm, the application is not impermissibly retroactively applied to the petitioner, as per Komarenko v. INS, dealt with the same crime, the 245A2. And, obviously, he's not eligible for 212C relief to his 1998 conviction, since he could not rely on 212C relief when he pled with that crime. And the petitioner also is not eligible for 212H relief. His 1986 conviction is an aggravated felony. He was sentenced to more than one year sentence, and Aragon Ion is in support of that being an aggravated felony. His 1998 conviction of second-degree robbery is also an aggravated felony. He received a sentence of three years suspended, and could qualify as aggravated felony under the crime of violence definition of aggravated felony, or as a theft offense. And as petitioner is ineligible for both 212C and 212H, under a matter of Roman, he cannot bootstrap eligibility to apply for adjustment of status. As there is no relief for which the petitioner is eligible to receive, the Court should deny the petition for review. Roberts. How thoroughly did the immigration judge or the BIA get into the question of whether Mr. Luong actually could have gotten a 212C waiver? In other words, it seemed to me what they did is they just said, well, you can't get there from here because you have an aggravated felony, so we're done. Right. The focus throughout, this has been in proceedings for a long time. The immigration judge has given multiple opportunities to brief the myriad of issues before it. And the focus primarily has been, does a 212C, even if we assume that he's eligible for 212C of the 1986 conviction, does that make him eligible, can he still apply for 212H? Right. That's the question. I keep reading the BIA's decision, and I think they're touching on it a little bit, but they're not really clearly answering that question. Just because you get 212C relief, it doesn't expand or doesn't eliminate for future reference that he was convicted of an aggravated felony. But if you're getting 212C relief, aren't they saying that's a waiver of inadmissibility, right? So aren't they using the same crime twice? If he had applied for adjustment of status after the 1986 conviction, prior to the 1998 conviction, they would probably, the board and immigration judge would have addressed the issue of whether he was eligible for 212C relief in general. How does the 1998 conviction play into this? For that one he has to get 212H. Right. So he gets 212C, appears to be eligible for 212C for the 1986 conviction. The board never, the board's language when it's considering it, it doesn't say he is. He's saying St. Cyr made it possible that he could apply for 212C. They never adjudicated the 212C. They never, yes. And that for sure was squarely in front of them. And then they go to, I think they are, you tell me, because I'm finding this opinion very confusing to read, but they're talking about both convictions, the 1998 conviction. Wait, is 240A, is that? Oh, 240A, that's cancellation of removal. Okay. So he's saying he can't do that, he can't use that as an avenue of relief for his 1998 conviction, because now they're considering the 1986 again, even though he could be eligible for a waiver as to the 1986. Correct. You can't bootstrap eligibility. He's not eligible for 212C relief for either of them. But even if he is eligible for 212C on the first one, he's not eligible for 212H because of it. So are they saying, is that what this is holding, that he's not eligible for 212H? No, they're saying he's not eligible for 212H relief. So the BIA ruled on that question. Yeah. Okay, so it's before us, and now is that a question? Well, it depends, back to the exhaustion argument. You're saying properly interpret. Petitioner, the issue presented, page, argument presented, Luan could viviate all grounds of removability by simultaneous application for waivers made under former INA section 212C and under INA section 240A. Okay, but just so I have this really clear. The 212C only pertains to the 86, and the 212H pertains to the 98. I believe that is what the petitioner is trying to do. Okay, and so when they say simultaneously, that would be to get rid of two different crimes. I believe that's what they're trying to do. Okay, so the BIA says they can't do that, right? Even though it doesn't say it expressly, that's what it's saying, I think. I'm not sure. It's not the first time, but it's particularly perplexing. Are they saying that you can't get a 212H waiver in this case? Is the BIA saying that because even if you purged the immigration consequences of the earlier conviction under 212C, it wouldn't matter? Is that issue teed up by this decision so that this Court can review it? Or is it something that we need to ask the BIA to clarify? The Board's decision, first it talks, the Board first talks about what the issue was raised before it. And the issue raised before it was whether 212C could apply to the cancellation and removal context. The Board clarified that was the issue raised on appeal. Right, but now Mr. Luong wants adjustment of status, not cancellation of removal. Right. And the BIA hasn't said that you can't use 212H in this case to get a cancellation of removal. That's correct. And you're saying that that wasn't exhausted by Mr. Luong either. Right. Even if he had exhausted it, since he's not eligible for either form of relief, there really is no reason for further proceedings. Remind me, what's the case again that has the can't bootstrap in it? A matter of remand. If there's no other questions before the Court has one, I'm done. Speaking of exhaustion. Okay, thank you, counsel. Your Honors, I'd just like to make a couple points on rebuttal. First, it's absolutely clear from the record that Mr. Luong is statutorily eligible for 212C relief. That is the point that the government conceded in its brief on page 447 of the record. This was their October 2004 brief. In addition to that, matter of remand says that an individual cannot bootstrap forms of relief where he is not eligible for either. In this case, Mr. Luong is certainly eligible for 212C relief, and the question of whether in a simultaneous proceeding he can also apply 212H relief to address the 1998 crime is squarely before this Court. And this Court is open for this Court to hold as a matter of law that he can use both forms of relief to achieve the relief that he's seeking. Well, do you think the BIA actually rolled on that question and its decision? It's a little opaque, Your Honor. The Board of Immigration Appeals, the discussion all throughout the hearings, and from what I could gather from the Board of Immigration Appeals decision, was that the issue wasn't whether Mr. Luong could receive the 212C relief. That discussion sort of faded out as the proceedings went on. But the reason that both the immigration judge and the Board of Immigration Appeals prevented Mr. Luong from actually going forward with that waiver was because it agreed with the government's argument that the effect of such a waiver would be limited, because Mr. Luong still needed another form of relief to address the 1998 crime. It doesn't look as though the Board of Immigration Appeals specifically expressed that, but that was where the argument had been going for quite some time. And that question that Mr. Luong raises about the interplay of 212C and 212H is a question of law. And this Court has jurisdiction to review that question in de novo. I don't see where the BIA actually ruled on that, so that we could review it. It did not explicitly rule on the interplay of 212C and 212H relief. And to the extent that it didn't rule on it explicitly, the Petitioner's argument is that it ignored it and didn't properly address it. In either case, there's going to have to be some sort of remand. But the question of how these statutes interact is a question of law. The issue of whether Mr. Luong can achieve that relief and whether the Attorney General will apply his discretion favorably to Mr. Luong is still a question that has to be answered. But the question for now is whether he's even eligible. Roberts. Is there anything to be gained from getting the BIA's interpretation of the statute? No, Your Honor. There is no case on point in this circuit, and so the sources of law from which to draw in making that kind of decision are limited. I see that my time is up. This is really a philosophical question. The agency has never opined as to what the interplay between these statutory provisions is. Is there any reason why we shouldn't ask them to do so? And following up on the point Judge Wardlaw made, we don't really have an opinion from the BIA, which I don't think we do, as to what they think. They assume the result, but the analysis is very hard to understand. If you make them go through that process, is there some value to be gained from that, since they deal with tens of thousands of cases? I don't think so, Your Honor. This is a question of how two statutes work together, and the question of whether someone is eligible for a form of relief. Right, but it seems to me you're asking us to write an advisory opinion on how these statutes work together. And the government argued that he was statutorily eligible for a 212C waiver for the 1986, but that waiver was not eligible for a form of relief. And then he says, the government further says, respondent is ineligible for 212H because of, and I'm assuming they say it's aggravated felony, but 1998 conviction. Yes. That, to me, these two briefs, I'm going to tee it up with the BIA, and the BIA certainly isn't as clear as the government is here. I guess the outcome of this is that it's to be remanded to the Board of Immigration Appeals. It's still to Mr. Luong's favor to actually have a ruling on the issue, which is more than what he's received so far. The state of the record and the disjointed nature of the government's arguments are just further evidence of how convoluted these proceedings have been, and the lack of attention that's been paid to Mr. Luong's case. He does deserve a reasoned ruling on this issue, and on the end, a reasoned ruling on the processing of his wife's I-130 visa. So we urge this Court to either hold as a matter of law that he may use those two waivers together, or remand to the Board of Immigration Appeals with specific instructions that this is the issue before them, so that Mr. Luong can adjust his status and remain here with his family. All right. Thank you, counsel, and I also want to thank Winston Strawn for taking this matter on. We very much appreciate the briefing and the time spent in presenting the argument today. Thank you.
judges: Wardlaw, Ikuta, Fogel